UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JENNIFER ALBERTIE,

    Plaintiff,

vs.
                                  Case No. 3:19-cv-299-J-34JBT

UNITED PARCEL SERVICE, INC.,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279 - 1280 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On March 13, 2019, Defendant United Parcel Service, Inc. (UPS) filed a Notice of Removal (Doc. 1; Notice) removing this case from the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida. See Notice at 1. In the Notice, UPS asserts that this Court has diversity jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a). See

Notice ¶ 8. UPS alleges that Plaintiff is a citizen of Florida, and UPS "is a Georgia Corporation." Id. ¶ 6. In addition, UPS asserts that the "amount in controversy allegedly exceeds $75,000." Id. ¶ 7. However, upon review of the Notice, as well as the Complaint and Demand for Jury Trial (Doc. 5; Complaint), the Court finds that UPS fails to allege sufficient facts to establish its citizenship and plausibly demonstrate that the amount in controversy exceeds $75,000. See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Relevant to this action, for the purposes of establishing diversity jurisdiction, a corporation "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of a corporation, a party must identify its states of incorporation and principal place of business. See Rolling Greens MHP, L.P. v Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004); 28 U.S.C. § 1332(c)(1). Here, UPS identifies itself as a "Georgia Corporation," but fails to identify its principal place of business. See Notice ¶ 6. Hence, the information presently alleged in the Notice is insufficient for the Court to determine whether the parties to this action are diverse.

In addition, the Court is unable to determine whether the amount in controversy requirement is satisfied here. This case arises out of an injury Plaintiff sustained when visiting the UPS premises for a job interview. See Complaint ¶¶ 3-6. According to the Complaint, while touring the facility, Plaintiff was "hit in the head" by a package thrown by

a UPS employee. Id. ¶ 6. As a result, Plaintiff alleges that she "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition." Id. ¶ 9. Plaintiff asserts that she has sustained permanent injuries. Id. In the Notice, UPS provides no additional information as to the nature of Plaintiff's injuries or the amount of her losses.

Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co., 135 S. Ct. at 554. If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." See Williams, 269 F.3d at 1320. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable

3

deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id. at 754 (emphasis added).[1]

Here, UPS fails to present a "plausible allegation" of the amount in controversy. The Notice is devoid of any specific, factual information by which to determine whether Plaintiff's damages plausibly exceed the jurisdictional threshold. Nor can the Court determine whether the amount in controversy is satisfied based on the generic, vague and categorical allegations of the Complaint. Indeed, based on the allegations in the Notice and Complaint, the Court can do no more than speculate regarding the nature and severity of Plaintiff's injuries. Thus, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'–only through speculation–and that is impermissible." Id. at 753-54 (third alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). In light of Plaintiff's vague allegations of damages, and in the absence of any information regarding the nature of Plaintiff's injuries, or the cost of her subsequent medical care, the Court is unable to determine whether the amount in controversy requirement is satisfied here.

---

[1] The Court notes that Dart, Dudley and Pretka, all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. § 1447(d), § 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756-57 & n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

In light of the foregoing, UPS has failed to provide the Court with sufficient information for the Court to determine whether it has jurisdiction over this action. As such, the Court will give UPS an opportunity to file an amended notice of removal which properly establishes diversity of citizenship between the parties and the amount in controversy. Accordingly, it is

**ORDERED**:

Defendant United Parcel Service, Inc. shall have up to and including **April 1, 2019**, to file an amended notice of removal demonstrating that this Court has subject matter jurisdiction over this case.

**DONE AND ORDERED** in Jacksonville, Florida, this 18th day of March, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties