# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JENNIFER ALBERTIE,

    Plaintiff,

vs.
                                      Case No. 3:19-cv-299-J-34JBT

UNITED PARCEL SERVICE, INC.,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on United Parcel Service Inc.'s Response to Order to Show Cause (Doc. 13; Response), filed on April 1, 2019.[1] On March 13, 2019, Defendant United Parcel Service, Inc. (UPS) filed a Notice of Removal (Doc. 1; Notice) removing this case from the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida. See generally Notice. In the Notice, UPS invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), "because the amount in controversy involves more than $75,000 and there is complete diversity of citizenship between Plaintiff and Defendant . . . ." See Notice ¶ 8. On March 18, 2019, the Court entered an Order (Doc. 9) inquiring into its subject matter jurisdiction over this case. See generally Order. In the Order, the Court found that UPS had failed "to allege sufficient facts to establish its citizenship and plausibly demonstrate that the amount in controversy exceeds $75,000." See Order at 2. The Court directed UPS to "file an amended notice of removal demonstrating that this Court

---

[1] UPS inadvertently omitted Exhibit 2 from its Response. UPS subsequently filed the omitted Exhibit on April 3, 2019. See Declaration of Kelsey Benson (Doc. 14).

has subject matter jurisdiction over this case." Id. at 5. On April 1, 2019, in an effort to comply with the Court's Order, UPS filed the Response.[2]

This case arises out of an injury Plaintiff sustained on July 31, 2017, when visiting the UPS premises for a job interview. See Complaint ¶¶ 3-6. According to the Complaint, while touring the facility, Plaintiff was "hit in the head" by a package thrown by a UPS employee. Id. ¶ 6. In the Response, UPS contends that the amount in controversy exceeds $75,000 based on a pre-suit demand letter dated March 19, 2018, a medical record from February of 2018, and a statement from opposing counsel that "Plaintiff and/or her counsel saw the case as a six figure case." See Response at 2-4. The demand letter asserts that Plaintiff was diagnosed with a concussion, and prescribed ibuprofen as well as nausea medication. See Response, Ex. 3 at 1. Plaintiff later underwent "an intensive treatment regimen" for "neurological care" and also received chiropractic care. Id. At the time of the demand letter, Plaintiff had incurred $8,305.80 in medical expenses. Id. at 2. In the demand letter, Plaintiff does not seek a specific amount but asks that UPS "put forth [its] best good faith offer in settlement of this claim . . . ." Id. Based on this letter and accompanying medical records, UPS extrapolates that Plaintiff's damages likely exceed the jurisdictional threshold because her medical care is ongoing,[3] she seeks damages for

---

[2] In the Notice, UPS alleged that it is a "Georgia Corporation; and Plaintiff is a citizen of the State of Florida." See Notice ¶ 6. The Court explained in the Order that it could not determine whether the parties to this action are diverse because UPS failed to identify its principal place of business, as is necessary to adequately allege its citizenship. See Order at 2. In the Response, UPS corrects its previous allegation and explains that UPS is actually incorporated in the state of Delaware and has its principal place of business in Georgia. See Response at 1-2. As such, the Court is satisfied that diversity of citizenship exists in this action.

[3] One cannot reasonably determine the extent of Plaintiff's ongoing medical care from the records provided. While the March 19, 2018 demand letter asserts that Plaintiff "continues to receive treatment with Callahan Chiropractic," see Response, Ex. 3 at 2, the medical records from Callahan Chiropractic, dated February 28, 2018, indicate that Plaintiff's "Plan of Care" was "to be seen 2 times a week for 8 to 12 visits . . . ." See Response, Ex. 4. Thus, the Court can only speculate as to the extent of Plaintiff's ongoing medical care at the time of removal, if any.

2

emotional distress, she appears to have lost "an unknown amount of wages" following the accident,[4] she is only thirty-five years old, and opposing counsel thinks this is a "six-figure case."[5] See id. at 3-4. As such, UPS attempts to bridge the $66,694 gap between Plaintiff's medical expenses and the jurisdictional threshold by speculating as to unknown lost wages, unknown emotional distress, and unknown continuing medical care. Thus, in this case, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'–only through speculation–and that is impermissible." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 753-54 (11th Cir. 2010) (second alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)).

In addition, on March 29, 2019, UPS filed a motion requesting that the Court "extend the deadline to show cause one month, until May 1, 2019, so Plaintiff's counsel can confirm the amount in controversy by answering jurisdictional discovery." See Defendant's Motion for Extension of Time to Show Cause (Doc. 12), filed on March 29, 2019. According to UPS, this additional time is necessary because "Plaintiff's counsel is unable to answer any jurisdictional discovery at this time, and is working to confirm the extent of Plaintiff's treatment, expenses, and prognosis." Id. at 1. The Court declines to grant this request.

---

[4] UPS points to a note in Plaintiff's chiropractic medical records that "Patient has not worked since the accident on 7/31/2017" as evidence of lost wages. See Response, Ex. 4. However, one cannot reasonably deduce from this vague notation whether the accident is the reason Plaintiff has not been working, much less the amount of any lost wages. Notably, the demand letter, dated a month after the medical record, does not mention any lost wages or inability to work. Thus, whether Plaintiff has sustained any lost wages as a result of the accident is entirely speculative.

[5] UPS's reliance on opposing counsel's unsupported statement that he thinks this is a "six-figure case" is particularly weak. This is plainly the sort of unsupported "posturing and puffery" that " 'cannot be considered a reliable indicator' of the true amount in controversy." See Ethridge v. New Bern Transp. Corp., No. 6:16-cv-1347-Orl-40KRS, 2016 WL 6123370, at *1 (M.D. Fla. Oct. 20, 2016) (quoting Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)). Indeed, even Plaintiff's counsel does not appear to know the amount of Plaintiff's damages as he needs "additional time to investigate the medical expenses and treatment sought by [Plaintiff]" before he will be able to respond to any jurisdictional discovery requests. See Response at 4.

Upon review of the filings, it is evident that the removal of this case from state court to federal court was premature. Therefore, the Court is not inclined to condone such a filing by granting UPS a belated opportunity to engage in post-removal jurisdictional discovery related to the amount in controversy. At the time UPS filed the Notice, it neither possessed nor asserted any facts suggesting that the amount in controversy in this case exceeds the applicable statutory threshold.[6] Moreover, despite being afforded an additional opportunity to establish that § 1332(a)'s amount in controversy requirement has been satisfied, UPS has failed to do so. As such, the Court expresses some concern as to whether the removal of this action was consistent with the requirements of Rule 11 of the Federal Rules of Civil Procedure. However, the Court declines to address that concern here and instead will simply remand the action.

As UPS has not established a good faith basis for the removal of this action from state court and has twice failed to satisfactorily allege that the amount in controversy in this case exceeds § 1332(a)'s jurisdictional threshold amount, it is hereby **ORDERED**:

1. Defendant's Motion for Extension of Time to Show Cause (Doc. 12) is **DENIED**.

2. This case is **REMANDED** without prejudice to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida for further proceedings.[7]

---

[6] Indeed, UPS did not even attempt to satisfy its burden of plausibly alleging that the amount in controversy exceeds the jurisdictional threshold. See Order (Doc. 9) at 3-4; Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1320 (11th Cir. 2001) ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden."). Remarkably, the Notice is devoid of any factual allegations to support UPS's conclusory assertion that "[t]he amount in controversy allegedly exceeds $75,000." See Notice ¶ 7.

[7] In state court, UPS can engage in discovery pursuant to the relevant Florida Rules of Civil Procedure. If, through such discovery, UPS ascertains that the case is one which is or has become removable, UPS may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.

3. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.

4. The Clerk is further **DIRECTED** to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of April, 2019.

*MARCIA MORALES HOWARD*
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

Clerk, Circuit Court, Fourth Judicial Circuit,
in and for Duval County, Florida